UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LONZO DOWTIN,

    Petitioner,                                      Case Number 09-11387
                                                    Honorable Thomas L. Ludington

v.

CARMEN PALMER,

    Respondent,
_____/

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Petitioner Lonzo Dowtin-El is presently confined at the Michigan Reformatory in Ionia, Michigan, and has filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 1976, Petitioner was convicted on his plea of guilty in the Wayne County Circuit Court of one count of second-degree murder, Mich. Comp. Laws § 750.317. Petitioner was sentenced to a parolable life sentence. Subsequent to retroactive changes made to Michigan's parole procedures, Petitioner filed a post-conviction motion for relief from judgment pursuant to Mich. Ct. R. 6.500, et seq., challenging the changes made to the parole procedures. The Wayne County Circuit Court denied Petitioner relief. The Michigan appellate courts denied Petitioner's post-conviction appeal. *People v. Dowtin-El*, No. 267176 (Mich. Ct. App. June 22, 2006), leave denied, 750 N.W.2d 177 (Mich. 2008).

Petitioner has now filed the instant petition for writ of habeas corpus. Although Petitioner claims thirteen different grounds for relief, the Court will consolidate the claims because they are duplicative. Petitioner's primary claim is that changes in Michigan's parole laws and procedures,

as well as changes in the Michigan Parole Board's policies, have converted his parolable life sentence for second-degree murder into a nonparolable life term, in violation of the Ex Post Facto Clause. The Court will deny Petitioner relief as to these claims because Petitioner has been granted relief in a separate class action before another judge in this district. Petitioner also contends that the Michigan courts erred in denying him post-conviction relief on this claim. This claim is not cognizable on federal habeas review and the Court will deny Petitioner relief as to this claim.

Promptly after the filing of a petition for habeas corpus, the petition should be reviewed to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, a court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. Rule 4; *see also Allen v. Perini*, 424 F. 2d 134, 141 (6th Cir. 1970); *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

An initial review of this petition leads to the conclusion that it should be denied. In *Foster-Bey v. Rubitschun*, No. 05-71318, 2007 U.S. Dist. LEXIS 95748 (E.D.Mich. Oct. 23, 2007), Judge Battani found that ex post facto violations resulted from the changes made to Michigan's parole laws as to a certified class of prisoners who had been sentenced to parolable life terms. Judge Battani found that the cumulative effect of several post-1992 statutory and policy changes in Michigan's parole system, along with a "change in the collective philosophy" of the Michigan

Parole Board that "limits the exercise of [the Board's] discretion in a manner contrary to the substantive [statutory] standard and guidelines," "created a significant risk of prolonged incarceration." *Id.* at \*35-36. Judge Battani issued a declaratory judgment and injunctive relief, requiring the Michigan Parole Board to give "prompt personal parole review [to] the plaintiff class, subject to the laws, policies, procedures, and applying the standards that were the norm for the decades before 1992." *Foster-Bey*, No. 05-71318, 2008 U.S. Dist. LEXIS 108299, at \*1-2 (E.D. Mich. Feb. 7, 2008) (declaratory judgment and first remedial order). In addition, while the class action is on appeal, Judge Battani is continuing to monitor the Parole Board's progress in giving prompt personal parole review to the plaintiff class as required by the injunctive order.

Petitioner is a member of that class because he was sentenced to a parolable life sentence prior to 1992, the year in which Michigan's parole laws and procedures were amended. *See Foster-Bey*, No. 05-71318 (E.D. Mich. July 3, 2007) (amended order of class certification). The Sixth Circuit has held it improper for a class-action plaintiff to pursue an individual action that is duplicative of the class action. *Groseclose v. Dutton*, 829 F. 2d 581, 584 (6th Cir. 1987) ("To allow two or more district judges to issue directions to prison officials simultaneously would be to create . . . an 'inefficient' situation, fraught with potential for inconsistency, confusion, and unnecessary expense."). Because Petitioner is a member of the class action in *Foster-Bey*, an adequate remedy for Petitioner's ex post facto claims lies in the proceedings in the case before Judge Battani. Therefore, Petitioner's ex post facto challenges to the changes in Michigan's parole laws and procedures regarding parolable life sentences will be dismissed. *See, e.g.*, *Eaton v. Curtin*, No. 08-13461, 2009 WL 799137, at \*6-7 (E.D. Mich. Mar. 24, 2009); *Kincaid v. Jones*, No. 04-71090, 2008 WL 4539523, at \*2-3 (E.D. Mich. Oct. 8, 2008); *Townsend v. Vasbinder*, No. 04-74846, 2007 WL

4557715, at *3-4 (E.D. Mich. Dec. 19, 2007).

Petitioner's related contention that the Michigan courts wrongfully denied him post-conviction relief on his ex post facto claims is not cognizable. "The Sixth Circuit consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007). Thus, a federal habeas corpus petition cannot be used to mount a challenge to a state's scheme of post-conviction relief. *Greer v. Mitchell*, 264 F. 3d 663, 681 (6th Cir. 2001) (reasoning that the states have no constitutional obligation to provide post-conviction remedies) (internal citations omitted). "A due process claim related to collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not result [in] . . . release or a reduction in . . . time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention." *Cress*, 484 F.3d at 853 (alterations in original) (internal quotations omitted).

Based on the above, the Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds, a certificate of

appealability should issue when the petitioner demonstrates that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484.

A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F. 3d 900, 901 (6th Cir. 2002). For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. The Court will also deny petitioner leave to appeal in forma pauperis, because the appeal would be frivolous.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [Dkt # 1] is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**, and that Petitioner is **DENIED** leave to proceed in forma pauperis on appeal.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 18, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 18, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS